BOWEN, Judge.
The defendant was convicted of the theft of property in the first degree. He was sentenced under the Habitual Felony Offender Act to life imprisonment. Alabama Code 1975, Section 13A-5-9.
On appeal, the defendant contends that the Habitual Felony Offender Act is unconstitutional because it “excludes offenses involving drugs from the operation of the .. . Act, thereby treating similarly situated persons differently from the Appellant.”
This very same issue was answered adversely to the defendant by this Court in Motley v. State, Ala.Cr.App., 8 Div. 544 (Ms. October 20, 1981), wherein we held that “the legislature intended that all felons, whether drug offenders or otherwise, be subject to enhanced punishment *457 under the Alabama Habitual Felony Offender Act when prior convictions have been shown.”
Additionally, we would note that a recidivist statute is not constitutionally deficient for the mere reason that it does not include all felonies. Wessling v. Bennett, 290 F.Supp. 511 (N.D.Iowa 1968).
We have searched the record and found no error prejudicial to the substantial rights of the defendant. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.